UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION |
| VERSUS | NO. 16-36 |
| COREY SESSIONS | SECTION "S" |

ORDER AND REASONS

**IT IS HEREBY ORDERED** that Corey Sessions' **Motion for a New Trial (Rec. Doc. 658)** is **DENIED**.

BACKGROUND

On August 10, 2018, Corey Sessions was convicted following a trial by jury for conspiracy to distribute and to possess with intent to distribute controlled substances; use of a communications facility in the commission of a conspiracy to distribute controlled substances; possession with intent to distribute 100 grams of heroin; possession of a firearm in furtherance of a drug-trafficking crime; and possession of a firearm as a felon. On July 1, 2020, the United States Court of Appeals for the Fifth Circuit affirmed his conviction. Sessions is currently serving a mandatory life sentence.

Pursuant to Rule 33 of the Federal Code of Criminal Procedure, Sessions filed the instant motion for a new trial based on newly discovered evidence. He argues that the following newly discovered evidence justifies a new trial: that the government failed to disclose that a K-9 did not alert to drugs during a sniff of Staggers' car; that the government failed to publicly disclose page 8 of the Greenwood Drive search warrant, having it placed under "protective orders", which caused the defense to be blindsided at trial with "false evidence" about Staggers selling seven ounces of cocaine to London through Sessions; that the government "switched" the jury instructions and verdict forms

that were submitted prior to trial; and that he was prejudiced by his co-defendant Andre Staggers wearing prison garb during jury selection.

The government opposes the motion, arguing, that the motion is untimely and the untimeliness is a jurisdictional defect, and that Sessions has not identified newly discovered evidence as contemplated by Rule 33.

## DISCUSSION

**Applicable Law**

"Upon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. PRO. 33(a). "Any motion for a new trial grounded on newly discovered evidence must be filed within 3 years after the verdict or finding of guilty." FED. R. CRIM. PRO. 33(b)(1). "[T]he time limits of Rule 33 are jurisdictional." United States v. Bowler, 252 F.3d 741, 743 (5th Cir. 2001).

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." Davis v. Johnson, 158 F.3d 806, 810 (5th Cir. 1998) (citation and internal quotation marks omitted). This doctrine applies only in "rare and exceptional circumstances." Id. at 811. It is appropriate when the petitioner shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way of timely filing his § 2255 motion." United States v. Petty, 530 F.3d 361, 365 (5th Cir. 2008) (internal quotations omitted). Status as a pro se litigant is not alone sufficient to equitably toll the statute of limitations. Petty, 530 F.3d at 366. "[L]ack of legal training, ignorance of the law, and unfamiliarity with the legal process are [also] insufficient reasons" to equitably toll the statute of limitations. United States v. Patterson, 211 F.3d 927, 930-31.

2

**Application to Facts of Case**

The jury returned its verdict on August 10, 2018. Because Sessions is a prisoner, under the "mailbox rule", his motion is deemed to be filed when he turned it over to prison officials for mailing. See Spotville v. Cain, 149 F.3d 374, 376-78 (5th Cir. 1998). Because Sessions' motion does not include a dated signature, it is deemed to have been filed on its postmarked date of October 19, 2021. Absent some basis for equitable tolling, Sessions' motion, which was filed more than three years after the verdict, is untimely.

Sessions argues that he was prevented from filing sooner due to being in COVID-19 quarantine from July 2021 to August 2021. Sessions has provided no proof of this fact, nor demonstrated why it would prevent him from filing a motion. More importantly, however, is that while Sessions has not provided the specific dates of the alleged quarantine period, it is about a month, and Sessions waited two months – from August 2021 to October 2021 – to file his motion. In addition to the fact that any tolled period was not long enough to save his claim, Sessions failed to diligently pursue his rights. Therefore, Sessions has not established that he is entitled to equitable tolling, and his motion, filed more than three years after the verdict, is untimely. Accordingly, the court lacks jurisdiction to entertain the motion.

**IT IS HEREBY ORDERED** that Corey Sessions' **Motion for a New Trial (Rec. Doc. 658)** is **DENIED**.

New Orleans, Louisiana, this  8th  day of December, 2021.

                                                                 **MARY ANN VIAL LEMMON**
                                                               **UNITED STATES DISTRICT JUDGE**