UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO: 16-36** |
| **COREY SESSION** | **SECTION: "S" (1)** |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Corey Session's **Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582** (Rec. Doc. 708) is **GRANTED in part**;

**IT IS FURTHER ORDERED** that Session's **Motions for Appointment of Counsel** (Rec. Docs. 729 and 733) are **DENIED as moot**.

### I. BACKGROUND

The events leading up to defendant Leonard Session's arrest and indictment have been set forth in detail in prior orders of the court, and are not restated here. Session was charged in the third superseding indictment with conspiracy to distribute and to possess with intent to distribute one kilogram or more of heroin, 500 grams or more of powder cocaine, and an unspecified amount of marijuana, in violation of 21 U.S.C. § 846 (Count 1); use of a communications facility in committing, causing, or facilitating the commission of a conspiracy to distribute controlled substances, in violation of 21 U.S.C. § 843(b) and 18 U.S.C. § 2 (Counts 4, 11-18); possession with intent to distribute 100 grams of heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) and 18 U.S.C. § 2 (Count 24); possession of a firearm in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1) and 2 (Count 25); and possession of a

firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 2 (Count 26). Prior to trial, the government filed a penalty enhancement information pursuant to 21 U.S.C. § 851, exposing Session to enhanced penalties, specifically, mandatory life as to Count 1.

A jury trial was held from August 6 to 10, 2018. Session was found guilty on all charges against him. The jury, in separate interrogatories, found that the conspiracy involved one kilogram or more of heroin and five kilograms or more of cocaine hydrochloride. The jury also found that Session knew or should have known that the conspiracy involved 1 kilogram or more of heroin; and that Session knew or reasonably should have known that the conspiracy involved 500 grams or more of cocaine hydrochloride.

For sentencing purposes, Session's total offense level was calculated at 30, before application of a firearm enhancement due to the mandatory consecutive sentence under 18 U.S.C. § 924(c) for Count 25. His criminal history category was determined to be II, as the result of three criminal history points being assigned for a 1996 conviction for possession of 28 grams or more of cocaine in the Louisiana 29th Judicial District Court. Session's criminal history also included a 1992 conviction for possession of crack cocaine, a 1993 conviction for aggravated battery, and a 1993 conviction for distribution of cocaine. His guidelines range was calculated as 108 to 135 months, but because Session had two or more prior convictions for a felony drug offense, he was required to be sentenced to a mandatory term of life imprisonment as to Count 1, thus making life imprisonment the guideline sentence pursuant to U.S.S.G. § 5G1.1(b).

On December 6, 2018, the court sentenced Session to a mandatory term of life imprisonment as to Count 1, 96 months as to each of the communications facility counts, and

120 months as to each Counts 24 and 26, all to run concurrently. The court also sentenced Session to a mandatory consecutive 60 months for Count 25 (possession of firearm in furtherance of a drug trafficking crime).

On July 1, 2020, the United States Court of Appeals for the Fifth Circuit affirmed Session's conviction.[1] A subsequent § 2255 motion that was denied. Session is currently serving a sentence of mandatory life plus 60 months.

Session has filed the instant motion for compassionate release under 18 U.S.C. § 3582 arguing that extraordinary and compelling reasons exist in his case that justify a reduction of his sentence for Count 1 to 108-135 months, the Guideline range for a defendant with an offense level of 30 and a criminal history category of II. The government opposes the motion, arguing that extraordinary and compelling reasons are not present. However, the government acknowledges that if such reasons were present, it does not oppose relief based on the sentencing factors at 18 U.S.C. § 3553.

## II. DISCUSSION

The Defendant seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). Under that provision, the court,

> upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that– (i) extraordinary and

---

[1] United States v. Staggers, 961 F.3d 745, 750–51 (5th Cir.), cert. denied, 141 S. Ct. 388 (2020).

> compelling reasons warrant such a reduction.... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

Thus, for compassionate release, defendant must exhaust his remedies within the Bureau of Prisons ("BOP"), demonstrate that extraordinary and compelling reasons support compassionate release, and demonstrate that compassionate release is consistent with the objectives of 18 U.S.C. § 3553.[2]

**A. Exhaustion Requirement**

The requirement that a defendant file a request with the Bureau of Prisons ("BOP") before filing a motion in federal court is a mandatory, but non-jurisdictional, claim-processing rule. United States v. Franco, 973 F.3d 465, 467 (5th Cir. 2020). Thus, exhaustion is mandatory if properly raised, but may be waived or forfeited by an opposing party. Nutraceutical Corp. v. Lambert, 139 S. Ct. 710, 714 (2019).

In this case, the record reflects that Session filed an administrative claim asserting that he was entitled to a lower sentence under the First Step Act. That administrative claim was denied on March 10, 2022. The Government acknowledges that Session has exhausted his administrative remedies.

---

[2] While the statue also recites that the reduction must be "consistent with applicable policy statements," because the U.S. Sentencing Commission's policy statement has not been amended to reflect the fact that prisoners may now bring motions themselves under § 3582, no binding policy statements apply to prisoner-filed motions. United States v. Shkambi, 993 F.3d 388, 392–93 (5th Cir. 2021). Nevertheless, the policy statement and commentary thereon as to what constitutes "extraordinary and compelling reasons" justifying relief when the motion is brought by the BOP, inform the analysis as to what reasons are sufficiently "extraordinary and compelling" in prisoner-filed motions. United States v. Thompson, 984 F.3d 431, 433 (5th Cir.), cert. denied, 141 S. Ct. 2688 (2021).

B. Merits Discussion

    1. Extraordinary and Compelling Reasons

As set forth above, Session is entitled to a sentence reduction only if he can establish extraordinary and compelling reasons for one. Session argues such reasons are present because if he were sentenced under current law, he would not fit the requirements for the § 851 enhancement that resulted in mandatory life imprisonment. The government agrees that the First Step Act changed the statutory sentencing range applicable to Session's statue of conviction. The government also acknowledges that if sentenced today, Session's three prior drug-related felonies would not be considered "serious drug offenses" for enhancement purposes under § 841(b)(1)(A). However, the government contends that these changes do not present the exceptional and compelling circumstances required to justify a sentencing reduction.

"Congress has not defined what constitutes 'extraordinary and compelling reasons' for a sentence reduction . . . ." United States v. Cooper, 996 F.3d 283, 287 (5th Cir. 2021). As noted supra in note 2, the policy considerations applicable to motions brought by the BOP may inform the analysis, but are non-binding. Thompson, 984 F.3d at 433. Thus, in addressing changes to sentencing for § 924(c) stacking provisions, the Fifth Circuit has stated that it "leave[s] for the district court to consider, in the first instance, whether the nonretroactive sentencing changes to . . . convictions, either alone or in conjunction with any other applicable considerations, constitute extraordinary and compelling reasons for a reduction in sentence." Id. at 289. (quoting Al Rushaid v. Nat'l Oilwell Varco, Inc., 757 F.3d 416, 424–25 (5th Cir. 2014). The same rationale has been applied to disparities resulting from sentences under § 841(b), as has occurred in the

present case. See, e.g., United States v. McGee, 992 F.3d 1035, 1047 (10th Cir. 2021); United States v. Daggs, 2022 WL 4365880, at *5 (E.D. La. Sept. 21, 2022) (granting relief where mandatory sentence on drug count would now be 10 years rather than life); United States v. Brown, 2020 WL 7401617, at *5 (E.D. Wis. Dec. 17, 2020) ( "[D]efendants sentenced to life under the old version of § 841(b)(1)(A) may qualify for relief based on a gross disparity with the sentence they would face today."); United States v. Day, 474 F. Supp. 3d 790, 860 (E.D. Va. 2020) (granting relief where mandatory sentence would now be 15 years rather than life); United States v. Ledezma-Rodriguez, 472 F. Supp. 3d 498, 504 (S.D. Iowa 2020) (granting relief where the defendant's mandatory sentence on a drug count would be 10 years rather than life).

While the court does not lightly adopt a course that gives retroactive effect to a law that Congress had the opportunity, but explicitly declined, to make retroactive, Congress's failure to explicitly make the revised laws at issue retroactive does not require a denial in this case. As the United States Court of Appeal for the Tenth Circuit has observed, while "Congress chose not to afford relief to all defendants who, prior to the First Step Act, were sentenced to mandatory life imprisonment under § 841(b)(1)(A). . . . nothing in . . . the First Step Act indicates that Congress intended to prohibit district courts, on an individualized, case-by-case basis, from granting sentence reductions under § 3582(c)(1)(A)(i) to some of those defendants." United States v. McGee, 992 F.3d 1035, 1047 (10th Cir. 2021). In the same vein, the United States Court of Appeal for the Fourth Circuit has noted, "there is a significant difference between automatic *vacatur* and resentencing of an entire class of sentences – with its avalanche of applications and inevitable resentencings – and allowing for the provision of individual relief *in the most grievous*

*cases*." United States v. McCoy, 981 F.3d 271, 286-87 (4th Cir. 2020) (emphasis added). The court also observes that the legislative history of the original 1984 compassionate release statute reflected that Congress contemplated that changes to sentencing laws might be considered in ruling on a compassionate release motion:

> The Committee believes that there may be unusual cases in which an eventual reduction in the length of a term of imprisonment is justified by changed circumstances. These would include cases of severe illness, cases in which other extraordinary and compelling circumstances justify a reduction of an unusually long sentence, and some cases in which the sentencing guidelines for the offense of which the defend[ant] was convicted have been later amended to provide a shorter term of imprisonment.

S. Rep. 98-225, 55-56, 1984 U.S.C.C.A.N. 3182, 3238-39 (Aug. 4, 1983).[3] In sum, the court concludes that the safety valve codified in section 3582(c)(1)(A) captures individualized situations, like the one at hand, where a sentencing disparity is so extreme that it constitutes an extraordinary and compelling reason for a sentencing reduction.

In this case, Session was sentenced to life in prison for a crime that the government acknowledges was non-violent, based on enhancement predicates that are also non-violent and that would not qualify as predicates today. Session's sentence was imposed fifteen days before the enactment of First Step Act of 2018. Under current law, one qualifying prior conviction increases the mandatory minimum sentence for his Count 1offense to fifteen years, and two or more increase the minimum to twenty-five years. 21 U.S.C. § 841(b)(1)(A) (2022). Thus, assuming Session's prior felonies qualified as predicates, he would face a statutory minimum of

---

[3]Located at https://www.ojp.gov/ncjrs/virtual-library/abstracts/comprehensive-crime-control-act-1983-report-senate-committee.

25 years, rather than life in prison. However, the First Step Act also established that only a "serious drug felony" or "serious violent felony" may enhance a sentence under § 841(b)(1)(A). See Pub. Law 115-391, § 401, 132 Stat. 5194, 5220–21. As the government has acknowledged, Session's prior convictions would not qualify as "serious drug felonies" under current law. Thus, a fifteen-day continuance of his sentencing hearing would have meant that instead of mandatory life, Session's statutory range would have been ten years to life for Count 1. The court finds that a sentencing disparity this extreme is extraordinary and compelling.

### 2. Section 3553 Factors

In addition to a finding of extraordinary and compelling reasons, § 3582 also requires the court to consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable. The factors applicable in this case are:

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Notably, in this case the government acknowledges that the sentencing factors do not compel maintaining a life sentence for Count 1. The government concedes that Session's case

does not involve many of the egregious facts typically cited by courts when denying relief. While the offense conduct in the instant case reflects that Session and his co-defendant Andre Staggers kept firearms, there is no evidence that Session engaged in violence. His drug organization was relatively small and involved distributing heroin to local drug sellers, although Session was sophisticated enough to maintain a stash house. While Session does have a prior conviction for aggravated battery related to a shooting, at the time of the offense, Session was 17 years old. Session's prison disciplinary record in prison is minimal, containing only an offense in 2020 for phone abuse. On this record, the court agrees that the § 3553(a) factors do not require maintaining Session's life sentence as to Count 1. The court finds that a sentence of 180 months as to Count 1 is sufficient considering the nature and circumstances of the offense and the history and characteristics of the defendant, and that such a sentence reflects the seriousness of the offense,  promotes respect for the law, and provides just punishment for the offense, while at the same time affording adequate deterrence to criminal conduct protecting the public from further crimes of the defendant.

**C. Motions for Appointment of Counsel**

Following the filing of his compassionate release motion, Session filed two motions for appointment of counsel to assist him in the motion. Rec. Docs. 729, 733. Because the court has granted relief based on Session's pro se filings, the motions are denied as moot.

### III. CONCLUSION

For all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant Corey Session's **Motion for**

**Compassionate Release Pursuant to 18 U.S.C. § 3582** (Rec. Doc. 708) is **GRANTED in part**;

IT IS FURTHER ORDERED that Session's **Motions for Appointment of Counsel** (Rec. Docs. 729 and 733) are **DENIED as moot**.

IT IS FURTHER ORDERED that defendant Corey Session's sentence is reduced as follows:

The defendant is committed to the custody of the Federal Bureau of Prisons for a total term of 240 months. This term consists of 180 months as to Count 1, 96 months as to Counts 4 and 8-15, and 120 months as to Counts 24 and 26, all to run concurrently, and 60 months as to Count 25 consecutive to all other counts. All other terms of the original sentence remain unchanged.

New Orleans, Louisiana, this  14th  day of December, 2022.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**