UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL** |
| **VERSUS** | **ACTION NO:** |
| **COREY SESSION** | **16-36 SECTION:** |
| | **"S" (1)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that defendant Corey Session's **Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582** (Rec. Doc. 799) is **DENIED**.

## BACKGROUND

On December 14, 2022, this court entered an order granting in part Corey Session's Motion for Compassionate Release Pursuant to 18 U.S.C. § 3582. Rec. Doc. 742. The court found that extraordinary and compelling reasons justifying a reduction of his sentence were present, including, <u>inter alia</u>, that post-sentencing changes in the law made the predicate offenses supporting his sentencing enhancement under 21 U.S.C. § 851 ineligible as predicates, which would reduce his sentencing exposure from mandatory life to ten years to life for Count 1. The court granted relief and re-sentenced Session from life imprisonment to 180 months for Count 1, 96 months for Counts 4 and 8-15, 120 months for Counts 24 and 26 to run concurrently, and 60 months as to Count 25, consecutive to all other counts, yielding a total term of 240 months.

Session has now filed the instant motion for a reduction making the same argument, i.e., that under current law, he would not qualify for an enhancement under 21 U.S.C. § 851. His motion contends that in its prior order, the court "mistakenly overlooked" the § 851 issue (Rec.

Doc. 799, 3) and thus "erred" in its prior ruling (id. at 4). Accordingly, the court construes the instant motion as a motion to reconsider its prior ruling.

## DISCUSSION

While motions for reconsideration in criminal actions "are nowhere explicitly authorized in the Federal Rules of Criminal Procedure, they are a recognized legitimate procedural device." United States v. Lewis, 921 F.2d 563, 564 (5th Cir. 1991) (citing United States v. Cook, 670 F.2d 46, 48 (5th Cir. 1982)). Courts apply the standards set forth in the Federal Rules of Civil Procedure to motions for reconsideration in the criminal context. U.S. v. Rollins, 607 F.3d 500, 502 (7th Cir. 2010) (citing U.S. v. Healy, 376 U.S. 75, 78-79 (1964)) (discussing application of civil standard to criminal actions in the context of motions for rehearing at the appellate level).

The United States Court of Appeals for the Fifth Circuit has held that if a motion for reconsideration is filed within twenty-eight days after entry of the judgment from which relief is being sought, the motion is treated as motion to alter or amend under Rule 59(e); otherwise it is treated as a rule 60(b) motion. Shepherd v. Int'l Paper Co., 372 F.3d 326, 328 n.1 (5th Cir. 2004) (citation omitted); see also FED. R. CIV. P. 59(e). Session filed the instant motion on November 24, 2023, and is thus subject to the standards for Rule 60(b).

Rule 60(b) provides several reasons that a court may relieve a party from an order:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

>(4) the judgment is void;
>
>(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion under Rule 60(b) must be made within a reasonable time, and for reasons one through three above, no more than a year from the entry of the order challenged. Fed. Id. at 60(c)(1). In addition, a movant seeking relief under Rule 60(b)(6) is required to show "extraordinary circumstances" justifying the reopening of a final judgment. Gonzalez v. Crosby, 545 U.S. 524, 535 (2005) (citations omitted).

In this case, Session argues that the court erred when it failed to consider his § 851 enhancement argument. However, the court did consider Session's § 851 argument, and accordingly reduced his sentence from life to 180 months for Count 1. To the extent Session seeks a further reduction, the assertions of the instant motion do not meet the standard required for relief under Federal Rule 60(b), nor do they establish the presence of extraordinary circumstances requiring the court to revisit its prior ruling. Therefore,

**IT IS HEREBY ORDERED** that defendant Corey Session's **Motion for**

3

**Compassionate Release Pursuant to 18 U.S.C. § 3582** (Rec. Doc. 799) is **DENIED**.

New Orleans, Louisiana, this __1st__ day of December, 2023.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**